

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1957

Dr. J. W. Edgar
State Commissioner
  of Education
Austin, Texas

Opinion No. WW-301

Re: Whether A. & M. College System
lands may be classified as
State University owned land within
the meaning of Section 5 of Article 2922-16 of Vernon's Civil
Statutes.

Dear Dr. Edgar:

We quote from your request for an opinion as follows:

"The third paragraph of Section 5 of Article 2922-16, Vernon's Civil Statutes, as amended Acts 1954, 53rd Legislature, 1st Called Session, identical prior to its amendment, provides in part as follows:

"' Provided, however, that in any district containing State University-owned land, . . . the amount assigned to such school district shall be reduced in the proportion that the area included in the above-named classification bears to the total area of the district. . . .'

"See also the tenth paragraph, subsection (3) of Article 2922-16.

"It has been certified for purposes of 1957-58 local fund assignment-allocation of the above quoted law that A. & M. College of Texas comprises 8.53 square miles of 'University land (Texas A. & M.)' land which is located within the boundaries of A. & M. Consolidated School District whose total area is 65 square miles. On the basis of this certification, the school district is claiming eligibility for a 13.123 percent reduction in its 1957-58 local fund assignment, which would approxmiate a $2,572 credit this year. We are advised and admitted that the 8.53 square miles comprise campus lands and local land under the jurisdiction and control of A. & M. College. In short, it is land owned by the State of Texas for the use and benefit of A. & M. College, located within the above mentioned school district. . . ."

Section 13 of Article VII of the Constitution of Texas makes the Agricultural and Mechanical College of Texas a branch of the University of Texas.

Section 15 of Article VII of the Constitution sets apart and appropriates "for the endowment, maintenance and support of said University and its branches, one million acres of unappropriated public domain of the state." The lands so set apart were in addition to those theretofore set apart to the University.

Although the Agricultural and Mechanical College is a constitutional branch of the University of Texas, the former institution is governed by its own Board of Directors. The Board of Regents of the University of Texas is the governing authority for the University System and of the permanent fund of the University of Texas. The permanent fund includes all of the lands and public domain set apart and appropriated for the University and its respective branches. The available University Fund received from the Permanent University Fund is divided between the University of Texas and the Agricultural and Mechanical College, the former receiving two-thirds and the latter one-third of the net fund.

Section 5 of Article 2922-16 provides in substance that a school district which contains "State University-owned land" shall be entitled to a reduction in its local fund assignment "in the proportion that the area included in the above-named classification bears to the total area of the district. . . ." The A. & M. Consolidated Independent School District has applied for a reduction in its local fund assignment because of A. & M. College lands which are located within the limits of the school district. The question before us is whether such lands are "State University owned" lands within the meaning of Section 5 of Article 2922-16.

We are advised by the University of Texas that the foregoing campus lands are not a part of the endowment lands of the University of Texas. The Board of Regents of the University of Texas exercises no control or supervision over said lands or any portion thereof. In fact, the Board of Directors of A. & M. College is authorized by Article 2613a of Vernon's Civil Statutes, to purchase, sell or lease lands for campus purposes. The lands so acquired are under the exclusive jurisdiction and control of the Board of Directors.

Article 2922-16 was enacted in 1949 by Acts of the 51st Legislature. You advise in your request that the Education

Dr. J. W. Edgar, page 3  (WW-301)

Agency has consistently interpreted the phrase "State University-owned land", as used therein, as including only the campus and endowment lands of the University of Texas which are actually under the jurisdiction and control of the Board of Regents of the University.  The calculation of local fund assignments has been in accordance with such administrative construction since 1949.  The Legislature has convened a number of times subsequent to this date and by its failure to clarify or amend the language of the subject statute, has by implication indicated its approval of the construction which had been given same.

The Courts will ordinarily adopt and uphold a construction placed upon a statute by an executive officer or department charged with its administration, if the statute is ambiguous, or uncertain and the construction so given it is reasonable.  39 Tex.Jur. 236 and cases there cited.

We believe that the language of the statute is uncertain and that the construction given same by the Education Agency is reasonable.

You are therefore advised that lands of the Texas Agricultural and Mechanical College, under the facts stated, are not State University-owned land within the meaning of Section 5 of Article 2922-16 of Vernon's Civil Statutes.

### SUMMARY

College lands of the Agricultural and Mechanical College, under the facts stated, are not State University-owned land within the meaning of Section 5 of Article 2922-16 of Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:pf:wb

Dr. J. W. Edgar, page 4   (WW-301)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. Mark McLaughlin
C. K. Richards
Mrs. Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum